# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHN M. SZOKE II,**
**Claimant Below, Petitioner**

**FILED**
September 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1741** (BOR Appeal No. 2046081)
                    (Claim No. 990037649)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**GAIL ENTERPRISES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John M. Szoke II, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 8, 2011, in which the Board affirmed a June 13, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 9, 2011, decision denying a request for medical benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Revised Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Mr. Szoke was injured while working for Gail Enterprises on October 28, 1998. The claim was subsequently held compensable for the following conditions: sprain/strain thoracic region; sprain/strain lumbosacral; displaced cervical intervertebral disc; adjustment reaction; dislocation thoracic vertebrae; and sprain/strain of the neck. Mr. Szoke has suffered continuing complaints relating to these conditions. On February 9, 2011, the claims administrator denied a request for continued maintenance treatment by Dr. Kropac for nonspecific neck pain, and authorization for the medications Zanax, Lortab, and Nuerontin. The Office of Judges affirmed the claims administrator's Order, relying on Dr. Mukkamala's March 16, 2010, independent medical evaluation.

The Office of Judges held that the requested medical benefits were not reasonably required medical treatment for the compensable injury of October 28, 1998. It relied heavily on the report of Dr. Mukkamala to arrive at this conclusion. The Board of Review reached the same reasoned conclusions. On appeal, Mr. Szoke argues that the preponderance of the evidence clearly supports a finding that the treatment is reasonably required and medically related to the compensable injury. The West Virginia Office of Insurance Commissioner maintains that Mr. Szoke's current problems are not related to the compensable injury but are related to the degenerative changes shown on a 2010 MRI. Treatment records from Dr. Kropac document that Mr. Szoke has continuing complaints in the neck and lower back, with radiation of pain, numbness, and tingling. On March 16, 2010, Dr. Mukkamala performed an independent medical evaluation and found that the compensable injury was only a soft tissue injury, despite the claim being compensable for other conditions. Dr. Mukkamala concluded that the current pain is nonspecific pain with no causal relationship with the soft tissue injury of October 28, 1998, and that no further treatment is necessary. In correspondence from Dr. Kropac, he states he disagrees with Dr. Mukkamala's conclusions, noting that Mr. Szoke has a cervical disc herniation at two levels as a result of the compensable injury, and will need ongoing care with regard to his neck and lower back. In a March 7, 2011, treatment note, Dr. Kropac stated that the requested medications allow Mr. Szoke to lead a more functional life existence than otherwise possible given the restrictions and limitations resulting from the compensable injury.

We disagree with the findings of the Board of Review. The preponderance of the evidence establishes that Mr. Szoke sustained more than a soft tissue injury on October 28, 1998. The record demonstrates that despite treatment, he suffers from continued complaints with his neck and lower back. The Office of Judges relied on Dr. Mukkamala's evaluation to find that the current complaints are not related to the compensable injury. However, Dr. Mukkamala's report is flawed as he bases his opinion on a finding that the compensable injury was a mere soft tissue injury, despite the record demonstrating otherwise. Dr. Kropac's treatment records and correspondence establish that Mr. Szoke suffers from a cervical disc herniation at two levels and continued lower back pain with radiation. We find that Mr. Szoke is entitled to the requested maintenance treatment by Dr. Kropac through office visits and the medications Zanax, Lortab, and Neurontin.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision

of the Board of Review is reversed and remanded with instructions to grant the requested medical benefits.

Reversed and Remanded.

**ISSUED:   September 12, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin J. Davis
Justice Menis E. Ketchum